IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEAMUS TROY CASTERLINE | § | |
| TDCJ-CID NO. 399472 | § | |
| v. | § | C.A. NO. C-13-083 |
| | § | |
| RICK THALER | § | |

**OPINION AND ORDER**
**TO SUMMARILY DISMISS HABEAS PETITION**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville,

Texas.  Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254,

challenging his denial of parole.  (D.E. 1).  For the reasons stated herein, it is hereby ordered that

Petitioner's habeas application is summarily dismissed.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where

the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002).

Petitioner was convicted in Aransas County, Texas.  (D.E. 1).  Therefore, jurisdiction is proper

in this Court.  28 U.S.C. § 124(b)(6).  Pursuant to Petitioner's consent, (D.E. 7), this case was

referred to a magistrate judge to conduct all further proceedings, including entry of final

judgment.  See 28 U.S.C. § 636(c).

**II.  BACKGROUND**

On June 14, 1985, Petitioner was convicted of capital murder in the 36th Judicial District

Court of Aransas County, Texas, and sentenced to life in prison.  (D.E. 1, at 2).  He currently

resides at the McConnell Unit in Beeville, Texas.  Id. at 1.  On December 8, 2011, the Texas

Board of Pardons and Paroles ("the Board") denied him parole.[1]  Id. at 13.  He was notified of the Board's decision on January 11, 2012.  Id.  On October 19, 2012, he filed a state habeas petition challenging the decision, which the Texas Court of Criminal Appeals denied without written order on January 23, 2013.  (D.E. 2, at 1).  On March 8, 2013, he filed this federal habeas petition seeking to challenge the state court's decision.  (D.E. 1).

### III.  DISCUSSION

Petitioner seeks habeas relief on the basis that the Board's denial of his parole was a violation of the Due Process Clause as well as the Ex Post Facto Clause of the United States Constitution.

**A.**      **Summary Dismissal Is Permitted Pursuant To Habeas Corpus Rule 4.**

Rule 4 of the Rules Governing § 2254 Cases authorizes dismissal of non-meritorious

---

[1] Specifically, the Board explained that Petitioner was denied for the following reasons:

[1]      The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.

[2]      The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of the victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.

[3]      The record indicates excessive drug or alcohol involvement which includes possession, use or delivery in the instant offense or criminal history.

[4]      The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.

(D.E. 1, at 13).

claims, that is, claims that fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or claims that are factually frivolous.  See, e.g., Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996) (noting that despite similarities between Rule 4 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, a habeas petition must cross some "threshold of plausibility" before requiring a custodian to answer, not merely allege facts that if proved would establish petitioner's entitlement to relief); Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993) (Rule 4 authorizes dismissal if petition fails to state a claim or is factually frivolous); Veneri v. Missouri, 734 F.2d 391, 393 (8th Cir. 1984) (per curiam) (dismissal pursuant to Rule 4 is appropriate for failure to exhaust claims or frivolous claims).  To avoid summary dismissal, the facts pleaded must "point to a 'real possibility of constitutional error.'" Rule 4, Rules Governing § 2254 Cases, advisory committee note (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  It is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (district court has the power to screen out frivolous motions and eliminate the burden that would fall on the respondent).

**B.     It Is Unclear Whether Petitioner Exhausted His State Court Remedies.**

Although Petitioner filed a state habeas petition based on his denial of parole, he has not submitted a copy of his petition nor has he indicated in his federal application what claims he raised at the state court level.  Moreover, the Texas Court of Criminal Appeals denied his state habeas petition without written order, thereby revealing little about the substance of Petitioner's claims.

A federal writ of habeas corpus from an inmate in state custody shall not be granted

unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  However, a writ of habeas corpus may be denied on the merits regardless of whether the petitioner exhausted his state remedies. 28 U.S.C. § 2254(b)(2). Therefore, regardless of whether Petitioner presented his claims in his state habeas petition, this petition nevertheless can be summarily dismissed on the merits.

**C.      Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).  Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted)); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts are prohibited from granting habeas relief unless a petitioner demonstrates that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination in light of the facts." 28 U.S.C. § 2254(d); see also Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011) ("hold[ing] that review under 2254(d)(1) is limited to the record that was before the state court

that adjudicated the claim on the merits"); Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002)

(discussing § 2254(d)).  Thus, "federal habeas relief is only merited where the state court

decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313

(5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)).

The AEDPA's provisions "ensure that state-court convictions are given effect to the extent

possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citing Williams, 529 U.S. at 403-

04).

The Supreme Court has concluded that the "contrary to" and "unreasonable application"

clauses of § 2254(d)(1) have independent meanings.  Bell, 535 U.S. at 694 (citing Williams, 529

U.S. at 404-05).  The Bell Court elaborated on the distinctions between "contrary to" and an

"unreasonable application:"

> A federal habeas court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the governing
> law set forth in our cases, or if it decides a case differently than we
> have done on a set of materially indistinguishable facts.  The court
> may grant relief under the "unreasonable application" clause if the
> state court correctly identifies the governing legal principle from
> our decisions but unreasonably applies it to the facts of the
> particular case.  The focus of the latter inquiry is on whether the
> state court's application of clearly established federal law is
> objectively unreasonable, and we stressed in *Williams* that an
> unreasonable application is different from an incorrect one.

Id. (internal citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court

arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if

the state court decides a case differently than [the] Court has on a set of materially

indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).

5

The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's "decision" and not the written opinion explaining that decision.'" St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003) (citing Neal, 286 F.3d at 246).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (per curiam) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)); see also Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 785 (2011) (reaffirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

Absent a direct conflict with Supreme Court authority, habeas relief is available only if a state court decision is objectively unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  Indeed, AEDPA's deferential standard limits the federal court role in the review of state convictions:

> [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunction in the state criminal justice systems," not a substitute for ordinary error correction through appeal....  As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

6

Harrington, 131 S. Ct. at 786-87 (citation omitted).  The Fifth Circuit has further explained that a federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  Id.  The burden to rebut the presumption of correctness remains on the petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**D.      Petitioner Is Not Entitled To Habeas Relief.**

Petitioner seeks to challenge his latest parole denial on the basis of due process and ex post facto violations.  He explains that although he was eligible for mandatory supervision at the

7

time of his conviction pursuant to the 1981 Texas mandatory supervision statute,[2] the Board

found him ineligible based on the Texas Court of Criminal Appeals precedent in Ex parte

Franks, 71 S.W.3d 327 (Tex. Crim. App. 2001) (en banc).  The Franks court held that inmates

serving a life sentence were ineligible for mandatory supervision pursuant to the 1981 statute on

the basis that "it is mathematically impossible to determine a ... release date ... because the

calendar time served plus any accrued good conduct time will never add up to life."[3]  Id. at 328

(citation omitted).  Petitioner claims that the Board's reliance on this decision deprived him of

fair warning of the punishment of his offense at the time of his conviction in violation of due

process.[4]  In addition, he alleges that it also constituted an ex post facto violation.[5]

---

[2] The statute in effect at the time Petitioner committed his offense provided that an inmate not under a sentence of death "shall be released to mandatory supervision" when the "calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced."  Tex. Code Crim. Proc. art. 42.18, § 8(c) (1981).  Effective September 1, 1987, the statute was amended to prohibit consideration for release to mandatory supervision any persons convicted of capital murder, among other offenses.  Tex. Code Crim. Proc. art. 42.18, § 8(c) (1985).  The amended statute was not made retroactive.

[3] The Fifth Circuit adopted Franks in Arnold v. Cockrell, 306 F.3d 277 (5th Cir. 2002) (per curiam).  In Arnold, the court denied habeas relief on the basis that, pursuant to the Frank court's interpretation of the 1981 statute, the petitioner was ineligible for mandatory supervision and therefore had no constitutionally protected liberty interest.  Id. at 279.

[4] In his petition, Petitioner indicates that the Board abused its discretion by abdicating the authority delegated to it to the Texas judiciary, resulting  in a due process violation.  (D.E. 1, at 6).  However, in his accompanying brief, he elaborates on his due process claim, explaining that it arises from the unexpected prolongation of his sentence as a result of the Franks decision.  (D.E. 2, at 14).

[5] Petitioner has raised these identical claims through previous habeas petitions challenging the Board's prior decisions.  See Casterline v. Thaler, No. CC-09-164, 2011 WL 1212257 (S.D. Tex. Mar. 28, 2011) (unpublished); Casterline v. Quarterman, 2:07-CV-294 (S.D. Tex. July 23, 2008) (unpublished).  The first of these petitions was dismissed as time-barred.  Casterline v. Quarterman, 2:07-CV-294.  His second petition was dismissed on the merits; however, this Court issued a certificate of appealability regarding the issues raised in his current application.  See generally  Casterline, 2011 WL 1212257.  On October 22, 2012, the Fifth Circuit Court of Appeals affirmed this dismissal in an opinion specifically addressing Petitioner's claims.  Casterline v. Thaler, 494 F. App'x 500 (5th Cir. Oct. 22, 2012) (per curiam) (unpublished).

**1.     Petitioner is not entitled to habeas relief for his failure to warn claim.**

The Supreme Court has explained that "the judicial alteration of a common law doctrine of criminal law violates the principle of fair warning, and hence must not be given retroactive effect, only where it is 'unexpected and indefensible by the reference to the law which had been expressed prior to the conduct in issue.'" Rogers v. Tennessee, 532 U.S. 451, 462 (2001) (quoting Bouie v. City of Columbia, 378 U.S. 347, 354 (1964); Casterline, 494 F. App'x at 502 (quoting Rogers, 532 U.S. at 462).  The principle of fair warning implicit in due process "relates to 'the constitutionality of attaching criminal penalties to what previously had been innocent conduct.'"  Casterline, 494 F. App'x at 502 (quoting Rogers, 532 U.S. at 459).  However, as the Fifth Circuit recently noted in dismissing Petitioner's most recent habeas petition, the Supreme Court has yet to find that "a retroactive judicial interpretation effecting a change in sentencing, parole, probation, or mandatory supervised release law that disadvantages a prisoner gives rise to a Due Process violation."  Id.  Therefore, the Fifth Circuit concluded, there is no clearly established federal law holding that the effect of the Franks decision violates the fair warning principle implicit in due process.  Id.  Accordingly, as was the case in his previous application, the state court's denial of Petitioner's habeas petition does not constitute an unreasonable application of clearly established law to the extent he alleges a due process violation arising from the Board's reliance on Franks.  Id.

**2.     Petitioner is not entitled to habeas relief for his ex post facto claim.**

The United States Constitution provides that "[n]o State shall ... pass any ... ex post facto Law."  U.S. Const. Art. I, § 10.  As the Fifth Circuit has explained, "'[o]ne function of the *Ex Post Facto Clause* is to bar enactments which, by retroactive operation, increase the punishment

for a crime after its commission.'" Casterline, 494 F. App'x at 502 (quoting Garner v. Jones, 529 U.S. 244, 249 (2000)).  Changes to parole laws may run afoul of the Ex Post Facto Clause if they "create[] 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Id. (quoting Garner, 529 U.S. at 250).  However, changes that "create[] only a speculative and attenuated risk of increasing the measure of punishment" do not implicate the Ex Post Facto Clause.  Id. at 503 (citing California Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995); Hallmark v. Johnson, 118 F.3d 1073, 1078 (5th Cir. 1997)).

In Petitioner's previous federal habeas petition challenging a prior parole denial, the Fifth Circuit found that the state court's denial of his ex post facto claim did not constitute a contrary or unreasonable application of federal law.  According to the Court, he had provided no evidence showing that he would have been granted parole if the Board had not changed its policy regarding his eligibility for mandatory supervision pursuant to Franks.  Id. (citing Wallace v. Quarterman, 516 F.3d 351, 356 (5th Cir. 2008); Morales, 514 U.S. at 508-10)).  In other words, the change in the Board's policy regarding mandatory supervision for life-sentences created only a speculative risk of increasing Petitioner's punishment because there was no guarantee that he would have been released any earlier.  Id.

Here, Petitioner's claims fail for identical reasons.  Petitioner has put forth no evidence that the retroactive effect of the Franks interpretation of the 1981 mandatory supervision statute has resulted in a longer period of incarceration.  Accordingly, the state court's denial of his habeas application pursuant to the Ex Post Facto Clause is not a contrary or unreasonable application of law.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may <u>sua</u> <u>sponte</u> rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show

both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability.

## V. CONCLUSION

Based on the foregoing reasons, Petitioner's petition, (D.E. 1), is summarily dismissed. Additionally, Petitioner is denied a certificate of appealability.

ORDERED this 5th day of April 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE